IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEXTER SMITH,

        Petitioner,

vs.                                       CASE NO. 4:08cv40-SPM/WCS

WALTER A. McNEIL,

        Respondent.

_____/

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION**

        THIS CAUSE comes before the Court on the Magistrate Judge's Report and Recommendation (doc. 26). Petitioner has filed objections. (doc. 27) pursuant to Title 28, United States Code, Section 636(b)(1). Pursuant to Title 28, United States Code, Section 636(b)(1), I have made a *de novo* determination of those portions to which an objection has been made.

        The Magistrate Judge's Report and Recommendation correctly found that Petitioner has not established that not having access to the law library or to his legal reference books was a State-created impediment that was the cause of him filing his federal petition three months late. Additionally, contrary to Petitioner's assertions, the purchase of the legal reference books is insufficient to demonstrate diligent efforts made in order to timely file his petition.

Petitioner's reference books were returned to him five weeks prior to the expiration of his filing deadline.  That was more than enough time for Petitioner to have made some type of filing, even if it the petition was bare bones.  Furthermore, even if Petitioner *could* demonstrate diligence in attempting to timely file his petition, the circumstances that prevented Petitioner's timely filing were not extraordinary.  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence").

Petitioner also argues that his procedural default should be excused because he is actually innocent.  However, Petitioner does not satisfy the standard under Schlup v. Delo, because Petitioner has not demonstrated that the blood sample was not refrigerated.  513 U.S. 298 (1995).  Furthermore, even if there was conclusive evidence that the blood sample had not been refrigerated, it is more likely that not that he would have still been convicted by a reasonable jury.  Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008) (excusing a procedural default "if enforcing the default would result in a fundamental miscarriage of justice" as demonstrated by a showing by Petitioner that "in light of new evidence, it is probable that no reasonable juror would have convicted him.") (citing Schlup, 513 U.S. at 327).

Accordingly, it is hereby ORDERED and ADJUDGED as follows:

1. The Magistrate Judge's Report and Recommendation (doc. 26) is *adopted* and incorporated by reference in this order.

2. Respondent's Motion to Dismiss (doc. 14) is hereby *granted*.

3. Petitioner's § 2254 petition for writ of habeas is hereby *dismissed with prejudice*.

DONE AND ORDERED this <u>thirteenth</u> day of October, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge